THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JOSEPH BERMAN, PLAINTIFF IN ERROR.

Submitted January 18, 1938—Decided June 10, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the defendant in error, *Andrew Duch,* prosecutor of the Pleas; *Emanuel Kaplan,* assistant prosecutor of the Pleas.

For the plaintiff in error, *Walter D. Cougle, Thomas Potter* and *George H. Bohlinger, Jr.*

BROGAN, CHIEF JUSTICE. The plaintiff in error was convicted of keeping a disorderly house. The proofs tended to show that he, as lessee of a building at the corner of Market and Union streets, in the city of Trenton, conducted a twenty-

two room hotel with a saloon on the ground floor and that he permitted women to be upon and to make use of the premises in soliciting men, for purposes of prostitution, who frequented the saloon, and that the premises from time to time were used by such persons for promiscuous and unlawful cohabitation. This state of the proof made out the establishment to be a disorderly house. While we find no definition of a disorderly house at common law, nor in our statute, yet under the cases in our state any house which a jury finds to be open to and frequented by persons who so conduct themselves there as to violate law and good order may be a disorderly house. *Russell on Crime* (*9th ed.*) 1381; *State* v. *Williams,* 30 *N. J. L.* 102; *Brown* v. *State,* 49 *Id.* 61; *Bindernagle* v. *State,* 60 *Id.* 307.

Under the first point it is argued on behalf of the plaintiff in error that the court erred in permitting the state to amend its opening. There is no merit in this point. The state's attorney, in his opening, as we gather from the colloquy in the record (the opening not being printed), stated to the jury that the state intended to show that the charge against the defendant comprehended a period of time and that the acts from which the offense was made occurred and recurred between the first part of March until the latter part of April. One of the state's witnesses, a woman, testified to having been at the hotel in question, for the purposes of prostitution, for about a week during the month of May, whereupon the state's attorney said he would like to amend his opening to extend the period of time up until August, within which to prove the unlawful character of the defendant's establishment, which amendment was allowed. The indictment itself, filed on October 1st, 1937, charged that the crime for which the plaintiff in error was indicted occurred on March 1st, 1937, and continued on divers other days and times between that day "and the day of taking of this inquisition." The effect of the amendment therefore did not tend to make out an offense which was outside the scope of the indictment as to time. An indictment may be amended (section 33, Criminal Procedure act) where time is not of the essence of the offense

charged. See *State* v. *Naujoks,* 95 *N. J. L.* 500. If the indictment itself might have been amended, it follows, *a fortiori,* that the opening of counsel for the state may likewise be amended. It is also argued under this heading that the state was permitted to introduce proof of acts which were never presented to the grand jury. There is no evidence whatever to support this view. And the further point that the court erred in refusing to quash the indictment has no substance. This is a matter discretionary with the court. *State* v. *Bove,* 98 *N. J. L.* 352.

It is next argued that the trial court erred in refusing to direct an acquittal. The argument challenges the sufficiency of the evidence as to specific acts of lewdness or the presence of thieves, drunkards, &c., on the premises of the defendant. Now it is not necessary to prove all of the facts and circumstances such as are descriptive of a disorderly house. It has been repeatedly held that any place of public resort is a public nuisance where illegal practices are habitually carried on or when such place becomes the habitual resort of thieves, drunkards, prostitutes, &c., who gather there for an unlawful purpose or make it a rendezvous where plans may be concocted for depredations upon society and disturbing either its peace or its rights of property. *State* v. *Williams, supra; Brown* v. *State, supra; Bindernagle* v. *State, supra;* so that it was not necessary to prove all of these elements. One was sufficient.

There was ample proof in the state's case that the defendant rented rooms to couples for illicit purposes and that one woman patron of his place remained there with his knowledge and consent as a soliciting prostitute.

A further point is made that when the state's case was in the trial court rejected the request of the defendant that the jury be instructed to acquit. An exception was taken. This exception and assignment of error is of no value to the defendant. Error cannot be assigned because of the refusal of the trial court to direct an acquittal. *Bindernagle* v. *State, supra.* However, in criminal appeals where, as here, the entire record is brought up under the one hundred and thirty-

sixth section of the Criminal Procedure act, this court has the duty to examine the proof produced by the state up to the end of its case when the motion to acquit was made and upon the evidence as it *then* stood to determine whether the trial judge abused his discretion in the denial of the motion to acquit. *State* v. *Batcheller,* 89 *N. J. L.* 433. We have done so and conclude that the motion was properly denied. At that juncture there was ample evidence to go to the jury on the guilt or innocence of the defendant.

It is unnecessary to discuss the third point—that the verdict was against the weight of the testimony—in any detail. It is sufficient to say that there was a plenitude of persuasive evidence in support of the jury finding.

The last point made by the defendant is that the trial court fell into error in refusing to strike out the testimony of Betty Lukacs, a sixteen-year-old girl who had gone to the defendant's hotel for illicit purposes. She didn't remember the defendant or connect him in any way as being in control of the premises, but this is of no avail to the defendant. It tended to support proof already in the case as to the character of the place. Standing alone, of course, it would not have proved the charge of the indictment, but, under the circumstances here, it was cumulative evidence and proper for the jury's consideration.

The judgment will be affirmed.